


ENTERED
01/09/2012

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 11-30088 |
| CHRISTOPHER PAUL RABALAIS; aka RABALAIS; dba CLEAR VISION ADVISORY | § § § | CHAPTER 7 |
| | § | |
| Debtor(s). | § | DAVID R. JONES |
| | § | |
| SETH LEON | § § | |
| Plaintiff(s), | § § | |
| vs. | § | ADVERSARY NO. 11-03167 |
| CHRISTOPHER PAUL RABALAIS | § § § | |
| Defendant(s). | § | |

### MEMORANDUM OPINION REGARDING PLAINTIFF SETH LEON'S MOTION FOR SUMMARY JUDGMENT
(Docket No. 16)

For the reasons set forth below, the Court grants Plaintiff Seth Leon's ("Leon") motion for summary judgment in part. Leon's claims against Christopher Paul Rabalais (the "Debtor") in the amount of $379,346.14 arising out of a California state court judgment are not dischargeable pursuant to 11 U.S.C. § 523(a)(2).

### Background

1. On January 8, 2008, Leon filed suit against the Debtor and a related entity in the Superior Court of the State of California of Los Angeles, *Leon v. Allsports Markets, Inc., et al.*, Cause No. SC096638. In his complaint, Leon asserted claims against the Debtor for fraud, deceit, false advertising and violation of California's consumer protection statute. *Second Amended Complaint (the "California Complaint"), Leon's Exhibit A*.

2. On February 15, 2008, the Debtor entered an appearance and filed a demurrer to the California Complaint.

3. On April 28, 2008, the Debtor personally appeared and presented argument at a hearing conducted by the California Court on the demurrer, an order to show cause and a status

conference. At that hearing, the Court sustained the demurrer with leave for Leon to file an Amended Complaint.

4. Leon filed his Second Amended Complaint on June 3, 2008. In the Second Amended Complaint, Leon asserted claims against the Debtor for (i) fraud and deceit under the California civil code; (ii) fraud under the California Unfair Business Practices Act; (iii) false advertising; (iv) false statements under the California Consumers Legal Remedies Act; (v) promissory estoppel; and (vi) unjust enrichment.

5. The Debtor did not answer the California Complaint. On August 5, 2008, the California Court entered a default against the Debtor. On September 30, 2008, counsel for the Debtor appeared on the Debtor's behalf and requested that the California Court vacate the default.

6. On February 9, 2009, Leon filed his request for entry of default judgment. The Debtor filed an opposition to Leon's request for entry of judgment on February 17, 2009.

7. On March 25, 2009, the Debtor filed a substitution of counsel, withdrawing the appearance of his counsel and substituting himself *pro se*.

8. On October 27, 2009 and November 12, 2009, the California Court conducted a trial on Leon's request for entry of a default judgment. The Debtor did not appear at trial. Leon testified at the trial and presented evidence of fraud and misrepresentation committed by the Debtor.

9. After hearing testimony and evidence, the California Court specifically inquired as to the basis of the Debtor's individual liability for fraud and misrepresentation. After hearing the evidence, the California Court found that there was ample evidence of fraud and misrepresentation by the Debtor. *Transcript, Plaintiff's Exhibit E, at pp. 51, lines 8-18*. The Court further commented that the requested judgment was supported by:

> [T]he fraud that's permeated this entire enterprise . . . On its face it seems to be a clear Ponzi scheme. So it either seems like a Ponzi scheme or gambling or something other than a true investment platform… If it looks like a duck and walks like a duck, it's a Ponzi scheme.

*Transcript, Plaintiff's Exhibit E, at pp. 52-53*.

10. On November 17, 2009, the California Court issued a Notice of Ruling on Default Judgment. The California Court awarded Leon the sum of $379,026.14 plus costs of $320 against the Debtor and his two co-defendants, jointly and severally. On January 4, 2010, the California Court entered a judgment against the Debtor in the amount of $379,346.14 (the "California Judgment").

11. The Debtor did not appeal the California Judgment.

12. The Debtor filed a petition under chapter 7 of the Bankruptcy Code in this Court on January 3, 2011. The Debtor listed the California Judgment in his Schedule F.

13. On April 8, 2011, Leon filed this adversary proceeding seeking to have the claims represented by the California Judgment declared non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and (4).

14. Leon filed his motion for summary judgment on October 3, 2011. *Docket No. 16*. The Debtor filed his opposition to the motion for summary judgment on November 2, 2011. *Docket Nos. 17 and 18*.

## Summary Judgment Standard

15. Summary judgment should be granted "if the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Gray Law LLP v. Transcon. Ins. Co.*, 560 F.3d 361, 365 (5th Cir. 2009). Federal Rule of Bankruptcy Procedure 7056 incorporates Rule 56 in adversary proceedings. A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine issue of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine issue of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). The court is to view the facts and evidence in the light most favorable to the non-moving party. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). "The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008).

## Issue Presented

16. In this adversary, Leon seeks a summary judgment based on the entry of the California Judgment by the California Court. Thus, there are no genuine factual issues. Rather, the parties dispute the effect of the California Judgment. The Court must therefore address whether the findings and conclusions by the California Court based on the testimony and evidence adduced are sufficient to support a claim under 11 U.S.C. § 523 and estop the Debtor from asserting otherwise.

17. Leon asks this Court to find that its claims against the Debtor are non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and (4) as a matter of law. For the reasons set forth below, the Court finds that Leon's claims are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2). This Court therefore declines to consider whether Leon's claims are also non-dischargeable under 11 U.S.C. § 523(a)(4).

## Analysis

18.     Leon seeks to have his claims determined to be non-dischargeable under 11 U.S.C. §§ 523(a)(2) and (a)(4).  In prosecuting a claim under § 523(a), Leon has the burden of proof.  To prevail, Leon must establish each of the requisite elements by a preponderance of the evidence.

19.     The exceptions to discharge contained in § 523(a) are to be narrowly construed in the debtor's favor.  *In re Miller*, 156 F.3d 598, 602 (5th Cir. 1998)

20.     In his complaint, Leon first seeks to have his claims declared non-dischargeable pursuant to § 523(a)(2)(A).  In order to prevail, § 523(a)(2)(A) requires a creditor to establish:

> That the debtor made the representations; (2) at the time they [the representations] were made the debtor knew they were false; (3) the debtor made the representations with the intention and purpose to deceive the creditor; (4) the creditor relied on the representation; (5) the creditor sustained losses as a proximate result of the representations.

*In re Bercier*, 934 F.2d. 689, 692 (5th Cir. 1991).

21.     While this Court has the exclusive jurisdiction to determine the dischargeability of a debt under 11 U.S.C. § 523, collateral estoppel may bar relitigation of issues relevant to dischargeability.  *In re Gober*, 100 F.3d 1195, 1201 (5th Cir. 1996).  For the purposes of § 523(a), a bankruptcy court may grant summary judgment based on the collateral estoppel effect of a state court judgment.  *Garner v. Lehrer (In re Garner)*, 56 F.3d 677 (5th Cir. 1995).  The fact that a debtor did not present itself at trial does not prevent collateral estoppels from being considered.  *Harrison v. Kiwi Services, Inc. (Matter of Harrison)*, 180 FED. APPX. 485 (5th Cir. 2006) (finding that collateral estoppel applied to finding of non-dischargeability under § 523 where default judgment was entered after debtor had appeared, but failed to defend at trial where testimony was provided to support the judgment).

22.     The preclusive effect of a state court judgment is determined by the preclusion law of the state in which it is rendered.  Under California law, a number of requirements must be met before a default judgment can be given collateral estoppel effect.  *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240 (9th Cir. 2001).  First, adequate notice must have been provided.  A defendant must have been served or have actual knowledge of the existence of the litigation.  *Id*. at 1246, n.5.  Next, the matter must have been "actually litigated."  *Harmon*, 250 F3d at 1247.  A matter is "actually litigated" in the context of a default where there is a record of the trial court considering evidence and necessarily making a factual finding in order to enter the judgment.  Harmon, 248 F.3d 1248, n. 9; *In re Younie*, 211 B.R. 367, 373 (B.A.P. 9th Cir. 1998).  Finally, the court must consider the policies in applying the doctrine such as preservation of the integrity of the judicial system, judicial economy, and the protection of the litigants from harassment by vexatious litigation.  Where the court does not find that the state court proceeding violated due process then a bankruptcy court should apply the doctrine of collateral estoppel.  *Baldwin*, 249 F.3d 919, 920 (9th Cir. 2001).

23. The law of California, like that of Texas, permits a default judgment to serve as collateral estoppel. The Court may look to the state court transcript in determining whether collateral estoppel applies. *Harrison*, 180 FED. APPX. at 487; *Silva v. Smith's Pacific Shrimp (In re Silva)*, 190 B.R. 889 (B.A.P. 9th Cir. 1995); *Garner*, 56 F.3d at 679. In determining whether collateral estoppel is appropriate, the bankruptcy court should not rely just on the judgment itself, but should also look to the record of the state proceeding. *Harold V. Simpson and Co. v. Shuler (In re Schuler)*, 722 F.2d 1253, 1256 (5th Cir. 1984).

24. In the instant case, although the Debtor did not answer the California Complaint, the Debtor filed a demurrer, personally appeared at a substantive hearing, moved to vacate the default judgment and filed a notice of appearance *pro se*. It is undeniable that the Debtor had knowledge of the California Litigation.

25. The California Complaint and record reflect Leon's allegations of the Debtor's fraudulent conduct and the presentation of testimony and evidence supporting a finding of fraud and misrepresentation under California law. The elements for fraud under 11 U.S.C. § 523(a)(2) have been found to mirror the elements for fraud under California law. *Tobin v. Sans Souci Ltd. P'ship (In re Tobin)*, 258 B.R. 199 (9th Cir. 2001); *In re Hashemi*, 104 F.3d 1122, 1125 (9th Cir. 1997). The California Court was presented with evidence and testimony to support each of the claims for fraud and misrepresentation asserted by Leon. The California Court found that fraud permeated the business which was managed by the Debtor and that the Debtor's liability to Leon was based on misrepresentations made by the Debtor. The transcript is extensive and reflects that the California Court considered testimony and evidence and found the existence of fraud by the Debtor. *Transcript, Leon's Exhibit E, p. 51-53*. This Court is unable to discern any basis for the Debtor's liability other than his fraudulent conduct. No genuine argument exists that the question of the Debtor's fraud was actually litigated or that the California Court necessarily determined that the Debtor defrauded Leon.

26. Finally, the Court must determine if public policy supports the application of collateral estoppel. This Court is mindful of the importance of providing a debtor a "fresh start." The impact of a finding of non-dischargeability of a debt under § 523 of the Bankruptcy Code is severe. Therefore, it is only with the greatest caution that this Court will make such a determination, particularly on a summary basis.

27. The Debtor asks this Court in both his answer and response to the summary judgment motion to revisit the California Judgment on numerous grounds. This Court is prohibited from doing so. Generally speaking, a bankruptcy court may not sit as an appellate court and revisit the merits of a case tried in the state court. *Rooker v. Fidelity Trust Co.*, 263 U`.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Under the *Rooker-Feldman* doctrine, a federal court lacks "jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). A state court judgment is "attacked" for purposes of *Rooker-Feldman* where the losing party in a state court action seeks "what in substance would be appellate review of the state judgment." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). The United States Supreme Court is the only federal court permitted to review an issue previously determined by a state court in an

action between the same parties.  *Williams v. Swenson (In re Williams)*, 280 B.R. 857, 863 (B.A.P. 9th Cir. 2002).  This Court is simply unable to revisit questions of the validity of the California Judgment as requested by the Debtor.

### Conclusion

For the reasons set forth above, the Court grants Seth Leon's motion for summary judgment in part.  Leon's claims are non-dischargeable under 11 U.S.C. § 523(a)(2).  The Court declines to consider whether the claims are also non-dischargeable under 11 U.S.C. § 523(a)(4).  A separate judgment consistent with this Memorandum Opinion will be issued.

**SIGNED: January 9, 2012.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**